# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

ANDREW JONES,            :
     Appellant,           :
                    :
     v.                  :        No. 20-3137
                    :
THE DISTRICT ATTORNEY OF THE   :
COUNTY OF PHILADELPHIA, et al.,   :
     Appellees.           :

## STATUS REPORT AND
## STIPULATION OF DISMISSAL

In accordance with the Court's Order of December 14, 2022, Appellant Andrew Jones and the Commonwealth Appellees submit this status report and stipulation of dismissal to advise the Court of the status of proceedings in the District Court and State Court and seek dismissal of the pending appeal.

1. In this appeal, Mr. Jones sought review of the denial of his petition for a writ of a habeas corpus under 28 U.S.C. § 2254. That petition sought an Order vacating his conviction for first-degree murder and related offenses and his sentence of life imprisonment without parole arising from a matter tried in the Philadelphia Court of Common Pleas under the caption *Commonwealth v. Andrew Jones*, CP-51-CR-0002562-2009.

2. On July 6, 2022, this Court granted a Joint Motion by the Parties for Limited Remand to the District Court pursuant to 28 U.S.C. § 2016 and Third Circuit L.A.R. 27.4(a) while retaining jurisdiction.

3. On November 23, 2022, Mr. Jones, through counsel, filed with the District Court an unopposed motion to stay proceedings and suspend the briefing schedule and to hold the habeas corpus proceedings before the District Court in abeyance pending exhaustion of Mr. Jones' newly discovered grounds for relief in state court.

4. On November 28, 2022, the Court granted Mr. Jones' motions, permitting the amendment of his petition and ordering that the proceedings before the District Court be held in abeyance pending exhaustion of his new claims in state court.

5. On February 7, 2023, Mr. Jones filed a petition for post-conviction relief in the Philadelphia Court of Common Pleas based on the newly discovered grounds for relief.

6. On April 18, 2024, the Commonwealth filed an Answer to Mr. Jones' state post-conviction petition agreeing that relief was warranted as to two of his claims. *See* Ex. A.

7. On July 29, 2024, the undersigned counsel appeared for a hearing in the Philadelphia Court of Common Pleas before the Honorable Scott DiClaudio. At the conclusion of that hearing, the court entered the attached Order granting Mr. Jones' petition and vacating Mr. Jones' conviction and sentence. *See* Ex. B.

8. Immediately after vacating Mr. Jones' conviction and sentence, Mr. Jones entered a guilty plea to third degree murder, in violation of 18 Pa. C.S. § 2502(c), and possession of an instrument of crime, in violation of 18 Pa. C.S. § 907(a). The Court of Common Pleas accepted Mr. Jones' pleas and imposed a negotiated sentence of 15-30 years' confinement on the murder charge to be followed by an additional 10 years of probation, as well as a concurrent sentence of 2.5-5 years for possession of an instrument of crime, both with credit for time served. *See* Ex. C.

9. As a result of the Order vacating Mr. Jones' conviction and sentence, this habeas appeal is moot because the judgment of conviction and sentence it challenges no longer exists. *Cf. Lesko v. Sec'y Pennsylvania Dep't of Corr.*, 34 F.4th 211, 223–25, (3d Cir. 2022). The District Court proceedings are likewise moot.

The parties have filed a stipulation of dismissal with the District Court and jointly ask this Court to dismiss this appeal without costs pursuant to Fed. R. App. P. 42(b)(1).

Respectfully submitted,

| | |
|---|---|
| /s/ Michael A. Schwartz | /s/ Thomas Gaeta |
| Michael A. Schwartz | Thomas Gaeta |
| Avrohom C. Einhorn | Assistant District Attorney |
| Kaitlin L. Meola | **PHILADELPHIA DISTRICT** |
| **TROUTMAN PEPPER HAMILTON** |   **ATTORNEY'S OFFICE** |
|   **SANDERS LLP** | Three South Penn Square |
| 3000 Two Logan Square | Philadelphia, PA 19107 |
| Philadelphia, PA 19103 | (215) 686-9948 |
| (215) 981-4000 | thomas.gaeta@phila.gov |
| michael.schwartz@troutman.com | |
| avrohom.einhorn@troutman.com | *Counsel for Appellees* |
| kaitlin.meola@troutman.com | |

Victoria D. Summerfield
**TROUTMAN PEPPER HAMILTON**
  **SANDERS LLP**
501 Grant Street, Suite 300
Pittsburgh, PA 15219
(412) 454-5000
victoria.summerfield@troutman.com

James Scott Ballenger
Director, Appellate Litigation Clinic
**UNIVERSITY OF VIRGINIA**
  **SCHOOL OF LAW**
580 Massie Road
Charlottesville, VA 22903
(202) 701-4925
sballenger@law.virginia.edu

*Counsel for Appellant Andrew Jones*   Date: August 8, 2024

# Exhibit A

THOMAS GAETA
Assistant District Attorney
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

## IN THE COURT OF COMMON PLEAS
## OF PHILADELPHIA COUNTY
## CRIMINAL SECTION TRIAL DIVISION

|                    |   |                      |
|--------------------|---|----------------------|
| COMMONWEALTH       | : |                      |
| v.                 | : | CP-51-CR-0002562-2009 |
| ANDREW JONES       | : |                      |

## COMMONWEALTH'S RESPONSE TO
## PETITION FOR COLLATERAL RELIEF

TO THE HONORABLE SCOTT DiCLAUDIO:

For the reasons set forth below, the Commonwealth agrees that Petitioner Andrew Jones' right to due process was violated and that he is entitled to relief in the form of a new trial. At his trial, and then again during his first proceeding under the Post-Conviction Relief Act, 42 Pa. C.S. § 9541 *et seq.* ("PCRA"), the Commonwealth failed to disclose *Brady* material that could have affected the outcome of those

proceedings. Specifically, the Commonwealth suppressed evidence that one of two eyewitnesses, Rodney Johnson, had previously been prosecuted for lying to police during the investigation of an unrelated shooting. Although Johnson admitted to lying to detectives in that case, the charges were withdrawn because he was deployed to Iraq. Because Johnson was the only eyewitness to consistently identify Petitioner as the shooter, the Commonwealth believes that there is a reasonable likelihood that this critical impeachment evidence would have changed the outcome of his trial.

In his initial PCRA petition, Petitioner raised a claim of ineffective assistance of counsel because his trial attorney did not introduce potentially exculpatory DNA evidence. The police were told where to find the murder weapon, a shotgun, and tested it for DNA—Petitioner was excluded as a potential contributor. In its response to Petitioner's PCRA petition, the Commonwealth asserted that the DNA evidence was not exculpatory because the "[t]he shotgun was never identified as the one used in the shooting." Motion to Dismiss at 6. But the Commonwealth's own ballistics expert determined that shotgun shells recovered at the scene of the shooting—and introduced as evidence against Petitioner—were, in fact, fired by that shotgun. The PCRA Court and Superior Court relied upon the misstatement in denying Petitioner's ineffective assistance of counsel claim without a hearing. Although that claim is not presently before the Court, the Commonwealth wishes to correct the record.

Petitioner is entitled to a new trial, but the Commonwealth does not concede that he is likely innocent. During the investigation of his crime, the police identified several other eyewitnesses who

identified Petitioner as the killer, but their testimony was not presented at trial. And though the absence of Petitioner's DNA from the murder weapon is facially exculpatory, it does not exonerate him. Petitioner, through his counsel, has agreed to enter a plea of guilty to third-degree murder in exchange for an agreed-upon sentence of 15-30 years of incarceration to be followed by ten years of probation.[1]

## FACTS AND PROCEDURAL HISTORY

### A. Petitioner was tried and convicted of the shotgun shooting of Bruce Lassiter.

On November 23, 2011, a jury sitting before the Honorable Steven R. Geroff of the Philadelphia Court of Common Pleas convicted Petitioner of first-degree murder and possessing an instrument of crime. The charges stemmed from the murder of Bruce Lassiter on August 31st, 2008. The trial prosecutor was Bridget Kirn, and Petitioner was represented by Lee Mandell.

The Commonwealth presented evidence that Petitioner brandished a shotgun and shot at Lassiter three times. The first missed, striking a house across the street. The second struck Lassiter in the abdomen and exited around his buttocks. As Lassiter lay on the ground, he was shot in the head, killing him instantly. N.T. 11/21/2011 at 11-13. A Crime Scene Unit officer testified that several items were recovered from the scene, including two fired shotgun shells, two

---

[1] The victim's next of kin are aware of the position the Commonwealth is taking in this case as well as the negotiated plea. Should the Court grant relief and proceed to a plea, they wish to be present and to provide impact statements to the Court.

shotgun shell wads, and a shotgun slug. N.T. 11/21/2011 at 25-46. Ballistics expert Kenneth Lay testified that the shells were fired by the same gun, but the wads had insufficient markings to permit identification, and the slug could not be compared to the other items. N.T. 11/22/2011 at 26-36. Petitioner's attorney did not question Lay on cross-examination. *Id.* at 42 ("I learned some things from you, but I don't have any questions for you today.").

The prosecution presented testimony from two eyewitnesses, Ashley Crump and Rodney Johnson, both of whom identified Petitioner as the shooter in police statements and again at trial. Crump, who knew Petitioner from the neighborhood, initially told police that she could not identify the shooter. However, she later provided a statement implicating Petitioner, and testified trial that she heard a shot, saw Lassiter fall to the ground, and then saw Petitioner shoot Lassiter in the head. N.T. 11/18/2011 at 37–41. Johnson, who had no personal relationship with Petitioner but recognized him from the neighborhood, described the same sequence of events. N.T. 11/21/2011 at 62–72.

In closing argument, defense counsel emphasized the lack of physical evidence:

> Let's look at the physical evidence, ladies and gentlemen, because you'll recall I mentioned earlier, and I think you would agree with me, that the physical evidence does not lie. Well, what physical evidence did you hear that links this crime to Andrew Jones? No gun, no ballistics evidence that links directly to him, be it waddings, be it shells, be it whatever; no fingerprints, no DNA, no trace evidence, nothing. No physical evidence whatsoever

linking Andrew Jones to this crime. You heard that his home was searched. What did they find? Some mail, some furniture. No ballistics evidence, nothing else. Nothing.

N.T. 11/22/2011 at 88.

During its closing, the Commonwealth emphasized the reliability of its witnesses, particularly Johnson's military training:

Then you have Rodney Johnson. Rodney Johnson comes in here and he has a seven-year military career. He's 25, which means when he turned 18 this young man joined the military. Now, he may have tried to hide behind some party facade, but let's face it that he is a young man who not only serves his country but that he is trained. No matter what the conditions are when there is gun fire, he's trained to look. He's trained to respond. Only unlike over in Iraq, when he was out on Bridge Street that day, he wasn't armed himself. The most he can do is watch. But he's trained to observe, and he does.

N.T. 11/22/2011 at 105-06.

Petitioner was convicted of first-degree murder and PIC and sentenced to a mandatory term of life in prison without parole on November 23, 2011. The Pennsylvania Superior Court affirmed Petitioner'ss judgment of sentence in December 2102, and the Pennsylvania Supreme Court denied allowance of appeal in June 2013.

### B. The Commonwealth misstated the evidence in Petitioner's initial PCRA proceedings, resulting in his petition being dismissed without an evidentiary hearing.

In April 2014, Petitioner filed a timely initial PCRA petition. Among other things, he claimed that his trial counsel was ineffective for failing to introduce the murder weapon and DNA evidence at trial. The crux of his claim was that detectives recovered a shotgun from a house near the crime scene, next door to the address Petitioner provided to police. *See* April 8, 2009, Report of Firearms Examine Kenneth Lay, Commonwealth Exh. 1. Petitioner averred that ballistics testing confirmed that the two shotgun shells recovered at the scene were fired by the shotgun. *Id.* The shotgun's trigger and guard yielded partial DNA profiles that matched neither Petitioner nor the victim. July 30, 2010, DNA Analysis by David F. Hawkins, Commonwealth Exh. 2. Although all information regarding the shotgun, including the results of the ballistics and DNA testing, were disclosed to Petitioner's trial counsel, he did not introduce it as evidence.

The Commonwealth moved to dismiss, arguing:

> The shotgun and two shotgun shells tested in this case were found by police in a second floor closet in the residence at 5221 Glenloch Street. The shotgun was never identified as the one used in the shooting. Accordingly, the absence of defendant's DNA from the shotgun and shells did not exculpate him. Nor would the presence of another individual's DNA prove defendant's innocence because the gun was not connected to him.

May 10, 2016, Motion to Dismiss at 6 (citation omitted).

This argument was based on a misstatement of the evidence. The police recovered two shotgun shells on the street near Lassiter's body, not the closet in which the police found the shotgun. The Property Receipt, in turn, identifies those items as follows.

> Item #1 – One (1) Brenneke USA, Heavy Field Short Magnum, 1 1/4 oz. slug, fired shotgun shell collected from the sidewalk, 23′ north of the north curb line of Bridge St. and 9′-6″ east of the east curb line of Glenloch St.

> Item #2 – One (1) Brenneke USA, Heavy Field Short Magnum, 1 1/4 oz. slug, fired shotgun shell collected from the sidewalk, 16′-4″ north of the north curb line of Bridge St. and 11′-2″ east of the east curb line of Glenloch St.

Property Receipt 9008559, Commonwealth Exh. 3.

The shotgun itself was recovered after police interviewed another eyewitness, Jamal Smith. Smith told the police that he witnessed Petitioner, who he knew as "Turt," shoot Lassiter. Sept. 1, 2008, Statement of Jamal Smith, Commonwealth Exh. 4. After the shooting, Petitioner ran up the alleyway and dropped the shotgun. Smith later picked up the shotgun, brought it into his girlfriend's house, and placed it in the closet. He later showed the shotgun to the police — they were searching for Petitioner and believed he could be at the house, which was a few doors down from Petitioner's residence. After obtaining both consent to search and a warrant, the police collected the shotgun on Property Receipt 9008582. When it was recovered,

there were two shells in the chamber: one spent and one live. The evidence was listed as follows:

-- #1 --    One (1) SEARS ROEBUCK; Mod # 200; Shotgun; Ser# P314893 with a tampered with barrel.

-- #1A --    One (1) "Heavy Field" 2 ¾ / 70MM Shotgun Shell (Spent). Discharged from chamber first.

-- #1B --    One (1) "Heavy Field" 2 ¾ / 70MM Shotgun Shell (Live). Discharged from chamber second.

Property Receipt 9008582, attached as Commonwealth Exh. 5.

The Commonwealth's expert ballistician, Lay, compared all three fired shells—items 1 and 2 from Property Receipt 9008559 and item 1A from Property Receipt 9008582—which he labeled as FSS 1, 2, and 3. Lay examined the shotgun, which he labeled as S-1, and test-fired it. His ultimate conclusion was that "FSS 1, 2, and 3 were fired in S-1."[2] Accordingly, the Commonwealth's assertion that the shotgun had not been identified as the murder weapon was false: Smith identified the shotgun as the murder weapon, and ballistics testing confirmed that identification.

The PCRA Court relied on the Commonwealth's false assertion and denied Petitioner's petition without a hearing. The Commonwealth repeated its misstatement on appeal to the Superior Court, which affirmed.

---

[2] Lay was unable to reach any conclusions regarding the other ballistics evidence recovered from the scene, including fired wadding and a partial slug.

[Petitioner's] claim that his trial counsel was ineffective lacks merit. [Petitioner] does not offer any proof in support of his claim that the shotgun found at 5221 Glenloch Street was the murder weapon. Further, the Commonwealth did not introduce that weapon because it could not show that that particular shotgun was the murder weapon. See Commonwealth's Motion to Dismiss, 2/6/17, at 4-5; Commonwealth's Brief at 11.

Significant to this ineffectiveness claim, trial counsel's strategy rested on the absence of any murder weapon or other physical evidence linking [Petitioner] to the murder. Thus, it was objectively reasonable for [Petitioner's] counsel not to bring up the existence of the shotgun found at the house next to [Petitioner's].

*Commonwealth v. Jones*, No. 1527 EDA 2017, 2018 WL 5276316, at *4 (Pa. Super. Ct. Oct. 24, 2018) *allocatur denied* 205 A.3d 311 (Pa. 2019).

The Commonwealth now corrects the record and concedes that Petitioner's DNA's absence from the murder weapon is facially exculpatory, though it does not exonerate him. Petitioner was entitled to an evidentiary hearing in his prior PCRA proceedings to establish what (if any) strategy his trial counsel was pursuing when he chose not to present this evidence.

### C. Open-file discovery revealed that the Commonwealth did not disclose crucial impeachment evidence regarding a key witness.

After the dismissal of his PCRA petition was affirmed, Petitioner filed a *pro se* federal habeas petition, raising the same ineffective assistance of counsel claim. The Commonwealth did not correct the record there, and the District Court denied the petition. *Jones v. Dist.*

*Att'y of Cnty. of Philadelphia*, No. 2:19-CV-1685, 2020 WL 5640552 (E.D. Pa. Sept. 21, 2020). Petitioner appealed to the Third Circuit, which granted a certificate of appealability and appointed *pro bono* counsel to represent Petitioner on appeal. The Commonwealth provided Petitioner with open-file discovery, disclosing for the first time that he prosecution's key witness, Rodney Johnson, had previously been charged with several offenses after confessing to lying to police during the investigation of an earlier shooting.

On July 2, 2006, Johnson was riding in a car with friends named "Mike" and "Jap"; someone shot at the car, and he was struck in the arm. July 7, 2006 Statement of Rodney Johnson, Commonwealth Exh. 6. When he was initially contacted by detectives investigating the shooting, he provided false names and contact information for his companions. *Id.* When detectives followed up a few days later, he confessed to lying, explaining that he "was not sure if Mike or Jap had any open case." *Id.* It appears that Johnson's companions were the likely target, and Johnson told the police that Mike had had a stolen gun in his possession on the day of the shooting. *Id.* The Commonwealth thereafter charged Johnson with Hindering Apprehension or Prosecution, in violation of 18 Pa.C.S. § 5105, Obstruction, in violation of 18 Pa.C.S. § 5101, and making False Reports to Law Enforcement, in violation of 18 Pa.C.S. § 4906. *Commonwealth v. Johnson*, CP-51-CR-09030701-2006.

The charges were ultimately nolle prossed without prejudice. Although the charges were supported by the evidence—the case was held after a preliminary hearing at which two detectives testified and read Johnson's confession into the record—but Johnson was deployed

to Iraq, and the Commonwealth opted not to pursue the case further. A note on the prosecution file dated April 23, 2007, indicates:



*Figure 1. Excerpt of Scan of Prosecution File Markings, Commonwealth Exh. 7.*

> [Johnson] is being deployed to Iraq. On last trial date, he was being processed in NJ. PD brought in proof of processing, so I did not object to lift of [bench warrant]. PD Chiarello says that [Johnson] will be in Iraq for 1 year. If PD brings *proof* of deployment, nolle pros w/out prejudice and put reason *on record*.

Scan of Prosecution File Markings, Commonwealth Exh. 7 (emphasis in original).

Two days later, Johnson's public defender faxed the Commonwealth a memorandum from First Lt. Joy E. Thomas confirming that Johnson was deployed to Iraq. Commonwealth Exh. 8. A post-it note attached to the memorandum indicates, "Pls. put in file. ADA can nolle pros." *Id.* Markings on the file for the next listing confirm that the case was nolle prossed without prejudice and that there was a "letter in file – proof of deployment." Scan of Prosecution File, Commonwealth Exh. 6

After this information was disclosed, Petitioner requested that his federal proceedings be held in abeyance so he could raise new claims before this Court. He subsequently filed the instant petition, raising four claims:

1.  The Commonwealth violated Petitioner's right to due process when it failed to disclose Johnson's criminal history.

2.  The Commonwealth violated Petitioner's right to due process when it failed to disclose the circumstances of its nolle pros of Johnson's prior criminal charges.

3.  The Commonwealth violated Petitioner's right to due process when it failed to disclose the existence of an anonymous tip regarding the direction in which the shooter fled.

4.  Petitioner's trial counsel was ineffective for failing to investigate Johnson's criminal history.

# ARGUMENT

Petitioner is entitled to relief on his first and second claims, which are properly before the Court.[3] There is no indication that the trial prosecutor had personal knowledge regarding Johnson's earlier case, and the Commonwealth does not concede that Petitioner is innocent. However, the failure to disclose information about Johnson's conduct in the earlier case or the circumstances of the Commonwealth's nolle pros call into question the fairness of his trial and undermine the reliability of its outcome, so he is entitled to a new one.

## A. Petitioner has pled and proved an exception to the PCRA's time bar.

The facts underlying Petitioner's first two claims were disclosed to him for the first time on August 30, 2022, and could not have been discovered earlier as they were in the sole possession and control of the District Attorney's Office. Although the fact that Johnson had been charged may have been discoverable previously through the exercise of due diligence, the existence of his confession and the Commonwealth's reason for nolle prossing the charges were disclosed for the first time when the Commonwealth provided records from Johnson's prosecution in August of 2022. Accordingly, Peti-

---

[3] Because relief on Petitioner's first two claims will render his remaining claims moot, the Commonwealth does not address them in detail in this brief. Should the Court desire a detailed response to those issues, the Commonwealth respectfully requests the opportunity to supplement this pleading.

tioner has satisfied the newly discovered fact and government interference exceptions to the PCRA's time bar. 42 Pa.C.S. § 9545(b)(1)(i), (ii). Because he filed this petition within one year of the date on which the information was available to him, his claims are properly before the Court.

**B.  The failure to disclose information regarding Johnson's earlier criminal case and the circumstances of its dismissal violated *Brady* and its progeny.**

The Commonwealth has an obligation to disclose to the defense information that is favorable to the guilt or punishment of the defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). This obligation requires that the Commonwealth disclose information that is exculpatory as well as impeaching. *Smith v. Cain*, 565 U.S. 73 (2012). When the prosecution violates its obligations under *Brady*, a new trial is required where the evidence the Commonwealth failed to disclose is material. "The question under *Brady* is whether 'disclosure of the suppressed evidence to *competent* counsel would have made a different result reasonably probable." *See Kyles, v. Whitley*, 514 U.S. 419, 441 (1995) (emphasis added). A reasonable probability does not mean the defendant would more likely than not have received a different verdict with the evidence, only that the likelihood of a different result is great enough to undermine confidence in the outcome of the trial. *Id.* at 434; *see also Commonwealth v. Burke*, 781 A.2d 1136, 1141 (Pa. 2001) ("The materiality inquiry is not just a matter of determining whether, after discounting the inculpatory evidence in light of the undisclosed evidence, the remaining evidence is sufficient to support the jury's conclusions.").

The Commonwealth agrees that it suppressed evidence of Johnson's purposeful misidentification in another case. And the Commonwealth suppressed the fact that the charges against Johnson were nolle prossed solely because of his deployment and not lack of evidence.[4] This information was in the Commonwealth's possession, was not disclosed, and went to the credibility of a key witness. *See Commonwealth v. Conforti*, 303 A.3d 715, 730 (Pa. 2023). The Commonwealth's case against Johnson was strong—supported by his own confession—and nothing prevented the Commonwealth from refiling the charges at the time of Petitioner's trial. Indeed, the military service the prosecution explicitly relied on in closing to bolster Johnson's credibility was only possible because of the undisclosed nolle pros—Johnson would have been discharged from the military if the case had proceeded and he was unable to deploy as ordered. But Petitioner had no opportunity to explore this potent avenue of impeachment because of the Commonwealth's suppression. Petitioner's right to due process under *Brady* and its progeny was violated as the suppressed evidence undermines confidence in the outcome of Petitioner'ss trial. *Id*.

---

[4] It appears unlikely that the trial prosecutor was personally aware of Johnson's earlier prosecution. The prosecution file for Petitioner's case contained no information about Johnson's past; it only came to light after the defense requested production of *Johnson*'s prosecution file. But "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, *irrespective of the good faith or bad faith of the prosecution*." *Brady*, 373 at 87 (emphasis supplied).

## ANSWER

No physical evidence linked Andrew Jones to Bruce Lassiter's murder, and Rodney Johnson was the prosecution's strongest witness against him. Though the Commonwealth is not convinced Jones is innocent, it must concede that it suppressed evidence regarding Johnson's prosecution for lying to police in another investigation. That suppressed evidence undermines confidence in the outcome of Jones' trial, so he is entitled to a new one. *Kyles*, 514 U.S. at 434.

**RESPECTFULLY SUBMITTED:**

*/s/ Thomas Gaeta*
THOMAS GAETA
Assistant District Attorney

Dated: April 18, 2021

**VERIFICATION**

The facts above set forth are true and correct to the best of the undersigned knowledge, information and belief. I understand the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities).

_/s/ Thomas Gaeta_
THOMAS GAETA
Assistant District Attorney


**CERTIFICATION OF COMPLIANCE**

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Cases Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

_/s/ Thomas Gaeta_
THOMAS GAETA
Assistant District Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing served on the parties indicated below via email (by agreement):

MICHAEL A. SCHWARTZ
AVROHOM C. EINHORN
KAITLIN L. MEOLA
CHELSEY B. NOBLE
Troutman Pepper Hamilton Sanders, LLP
3000 Two Logan Square
Philadelphia, PA 19103
*Michael.Schwartz@Troutman.com*
*Avrohom.Einhorn@troutman.com*
*Kaitlin.Meola@troutman.com*
*Chelsey.Noble@troutman.com*

VICTORIA D. SUMMERFIELD
Troutman Pepper Hamilton Sanders, LLP
501 Grant Street, Suite 300
Pittsburgh, PA 15219
*Victoria.Summerfield@troutman.com*

*Counsel for Petitioner, Andrew Jones*

/s/ *Thomas Gaeta*
THOMAS GAETA
Assistant District Attorney

# Exhibit B

Commonwealth of Pennsylvania

v.

Andrew  Jones

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

DOCKET NO:          CP-51-CR-0002562-2009

**ORDER GRANTING PCRA PETITION-SENTENCE VACATED AND NEW TRIAL GRANTED**

**PCRA GRANTED, SENTENCE VACATED, NEW TRIAL ORDERED**

**DEFENDANT PLEADS GUILTY TO MURDER IN THE 3RD DEGREE FOR A SENTENCE OF 15-30**

**YEARS SCI, FOLLOWED BY 10 YEARS REPORTING PROBATION, CREDIT FOR TIME SERVED**

**ADA: Gaeta, atty: Schwartz, DRT: Zaman, Clerk: McCoach, Judge: DiClaudio**

AND NOW, this 29th day of July, 2024, upon consideration of the petition under the Post Conviction Relief Act, filed by _____defense _____, it is hereby **ORDERED AND DECREED** that the Petition is **GRANTED**.  Petitioner's conviction and sentence are **VACATED** and a **NEW TRIAL** is **ORDERED**.

BY THE COURT:

_____
Judge Scott DiClaudio

Exhibit C

**Commonwealth of Pennsylvania**
**v.**
**Andrew  Jones**

**IN THE COURT OF COMMON PLEAS OF**
**PHILADELPHIA COUNTY, PENNSYLVANIA**

**CRIMINAL DIVISION**

| | |
|---|---|
| **DOCKET NO:** | **CP-51-CR-0002562-2009** |
| **DATE OF ARREST:** | **09/14/2008** |
| **OTN:** | **N 569096-3** |
| **SID:** | |
| **DOB:** | |
| **PID:** | **0980435** |

# ORDER

AND  NOW,  this  29th  day  of  July,  2024,  the  defendant  having  been  convicted  in  the  above-captioned case is hereby sentenced by this Court as follows:

**Count 4** - 18 § 907 §§ A - Poss Instrument Of Crime W/Int  (M1)

To  be  confined  for  a  minimum  period  of  2  Year(s)  6  Month(s)  and  a  maximum  period  of  5  Year(s)  in _____.

**Count 5** - 18 § 2502 §§ C - Murder Of The Third Degree  (F1)

To be confined for a minimum period of 15 Year(s) and a maximum period of 30 Year(s) in _____.

The following conditions are imposed:

Credit for time served: Credit to be calculated by the Phila. Prison System

To  be  placed  on  Probation - County  Regular  Probation - for  a  maximum  period  of  10  Year(s)  to  be  supervised  by _____.

The following conditions are imposed:

APPD  RULES - GENERAL  RULES:  You  must  NOT  possess  firearms  (including  replica  guns)  or  any  other  deadly weapons, possess, use, sell or distribute controlled substances of any kind.

You  are  not  permitted  to  leave  Philadelphia  without  approval  of  your  Probation/Parole  Officer  (Additional  travel requirements apply to Megan's Law)

You  must  report  to  your  Probation/Parole  Officer  as  directed  and  permit  your  Officer  to  visit  you  at  your  home  or place of employment.

Seek and maintain employment and obey all criminal laws and city ordinances.

Notify your Officer within 72 hours of any new arrest, change of address or change in employment.

You  may  be  ordered  to  pay  supervision  fees,  undergo  a  personal  search  and/or  property  search,  attend  a  Life  Skills Training Course and submit to a DNA sample if convicted of certain offenses .

---

**LINKED SENTENCES:**

**Link 1**
CP-51-CR-0002562-2009 - Seq. No. 5 (18 § 2502 §§ C) - Probation is Consecutive to
CP-51-CR-0002562-2009 - Seq. No. 5 (18 § 2502 §§ C) - Confinement

**Link 2**
CP-51-CR-0002562-2009 - Seq. No. 4 (18 § 907 §§ A) - Confinement is Concurrent with
CP-51-CR-0002562-2009 - Seq. No. 5 (18 § 2502 §§ C) - Confinement

---

| Commonwealth of Pennsylvania | Order of Sentence |
|---|---|
| v. | |
| Andrew  Jones | |

Docket No: CP-51-CR-0002562-2009

The defendant shall pay the following:

| | Fines | Costs | Restitution | Crime Victim's Compensation Fund - Victim / Witness Services Fund | Total Due |
|---|---|---|---|---|---|
| Amount: | $0.00 | $753.94 | $0.00 | $60.00 | $813.94 |
| Balance Due: | $0.00 | $741.44 | $0.00 | $0.00 | $741.44 |

BY THE COURT:

Judge Scott DiClaudio

**File Copy Recipient List**

Addressed To:      Andrew Jones (Defendant)
                   5219 N Glenloch ST
                   Philadelphia, PA  19124

                   Philadelphia County District Attorney's Office (Prosecutor)
                   3 South Penn Square
                   Philadelphia, PA  19107

                   Michael Alyn Schwartz (Private)